UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-08475 VBF (ADS)　　　　　　　　Date: October 17, 2019

Title: *Everett O'Neal Allen v. A. Koenig, Warden*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):　　　Attorney(s) Present for Respondent(s):
　　　　　None Present　　　　　　　　　　　　　　　None Present

**Proceedings:　　(IN CHAMBERS) ORDER TO SHOW CAUSE**

**I.　　INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Everett O'Neal Allen ("Petitioner"), a California state prisoner. [Dkt. No. 1]. The Court's review of the Petition, the Court's own records, and public records reveals that the Petition appears to be untimely and that at least one of Petitioner's grounds for relief is unexhausted.[1] For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **by November 14, 2019** why: (1) the instant Petition should not be dismissed with prejudice because it is time-barred; and (2) whether Petitioner's third ground for relief is unexhausted.

**II.　　SCREENING REQUIREMENT**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III.    **THE PETITION APPEARS TO BE UNTIMELY**

####   A.    **The Petition is Facially Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009).  The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); see Sup. Ct. R. 13 (allowing a petition for writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of the judgment).

Here, the Petition is facially untimely.  Petitioner alleges he was convicted on March 6, 2015 and sentenced on April 8, 2015.  [Dkt. No.1, pp. 51–52].  Petitioner then filed a direct appeal in the California state courts and the California Supreme Court eventually denied Petitioner's petition for review on June 13, 2018.  See California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov.  Therefore, his conviction became final ninety days later on September 11, 2018, and the limitations period expired one year later on September 11, 2019.  Since the instant Petition was not constructively filed until September 18, 2019, it appears to be untimely by seven days.

####   B.    **The Petition Does Not Entitle Petitioner to Any Later Trigger Date**

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date for the statute of limitations.  First, Petitioner does not assert that he was impeded from filing his federal petition by

unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Second, his claims are not based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Finally, Petitioner has been long aware of the underlying factual predicates of his four grounds for relief. See [Dkt. No. 1]; 28 U.S.C. § 2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (noting that the limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying the claims, not when he realized their "legal significance"). Petitioner here is thus not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1).

### C.     The Petition Does Not Entitle Petitioner To Statutory Tolling

In certain cases, a habeas petition filed after the statute of limitations can be found timely with statutory tolling. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). AEDPA provides for statutory tolling while an appeal is pending before a higher state court as well as during the reasonable time between a state court's judgment on direct review and the filing of an application for post-conviction review. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see, e.g., Velasquez v. Kirland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement"). Filing delays longer than sixty days require a showing of good cause. Robinson v. Lewis, 795 F.3d 926, 930–31 (9th Cir. 2015).

Here, Petitioner has not shown that he is entitled to statutory tolling. Petitioner did not file his first state habeas petition until June 10, 2019, 272 days after his state court judgment became final on September 11, 2018. See California Appellate Courts Case Information Supreme Court, http://appellatecases.courtinfo.ca.gov, (Supreme Court case number S256253). Absent a showing of good cause for the long delay or a showing that Petitioner filed a habeas petition with the California state courts earlier, statutory tolling is not available to Petitioner.

### D. The Petition Does Not Entitle Petitioner to Equitable Tolling

Similarly, a petition filed after the statute of limitations has expired may be timely if equitable tolling applies. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("[t]he petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."). Untimeliness cannot be a result of "oversight, miscalculation or negligence on the petitioner's part." Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has not argued that equitable tolling applies in this case. Petitioner has not alleged that an extraordinary circumstance prevented him from filing his federal habeas petition within the one-year statute of limitations. Without any such demonstration, equitable tolling is not available to Petitioner.

### IV. GROUND TWO APPEARS TO BE UNEXHAUSTED

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition is subject to dismissal without prejudice. Id. at 522. A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits"). Exhaustion requires that a petitioner's claims be fairly presented to the

highest court in the state court system, even if that court's review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999) (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. § 2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the claim").  For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Here, it appears Petitioner did not fully exhaust his claims in state court.  A review of the California Court of Appeal opinions does not show that Ground Two of the Petition, that the "trial court violated the prohibition against double jeopardy and multiple punishment under the 5th and 14th Amendments," was fairly presented in any of Petitioner's state court appeals.  Therefore, Petitioner must meet his burden to demonstrate that he has fully exhausted his available state remedies for all of his claims.

## V.     PETITIONER IS ORDERED TO SHOW CAUSE

As discussed above, it appears the Petition is untimely and Ground Two is unexhausted.  The Court has the discretion to dismiss untimely habeas petitions sua sponte under AEDPA's one-year limitation as long as the parties are accorded fair notice and an opportunity to respond.  Day v. McDonough, 547 U.S. 198, 209-11 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE by November 14, 2019** why the Court should not dismiss this action as time-barred and whether Ground Two is unexhausted.

With regard to timeliness, in his response to this Order, Petitioner must explain why the Petition is timely, whether any later trigger to the statute of limitations applies, and whether statutory or equitable tolling apply.  If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way.  Holland v. Florida,

560 U.S. 631, 649 (2010).  Petitioner may submit other evidence he deems appropriate to support his claim(s) for tolling.  The Court makes no representation as to whether Petitioner can meet the required showings for tolling.

<u>With regard to exhaustion</u>, Petitioner must also respond to this Order with an explanation of whether his claim(s) have been exhausted by full and fair presentation to the California Court of Appeal and California Supreme Court.

<u>In the alternative</u>, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1).

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

**IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>